UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES F. WEBSTER, an individual, and OKSANA WEBSTER, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, INC.; BANK OF AMERICA, N.A. fka COUNTRYWIDE HOME LOANS, INC.; BANK OF NEW YORK MELLON, as Trustees for GUARANTEED PASS-THROUGH CERTIFICATES FANNIE MAE REMIC TRUST SERIES 2007–60; DOES I through X; and ROE CORPORATIONS XI through XX,<br><br>　　　　　　Defendants. | 2:12-cv-01482-RCJ-PAL<br><br>**ORDER** |

　　　　This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing four causes of action: (1) Declaratory Relief pursuant to N.R.S. § 30.040; (2) Deceptive Business Practices pursuant to N.R.S. §§ 598. et sec.; (3) Violations of N.R.S. § 107 pursuant to N.R.S. § 107.082©; (4) Accounting. For the reasons given herein, the Court grants the Motion to Dismiss in part, dismissing all claims except those for violations of N.R.S. 107.080, and the Court denies the Motion to Remove Lis Pendens.

**I.　　THE PROPERTY**

　　　　On or about April 26, 2007, in order to secure purchase monies for the subject property of

1  this action, Plaintiffs James F. Webster and Oksana Webster (collectively "Webster") executed a
2  promissory note to lender Countrywide Home Loans, Inc ("Countrywide") in the original
3  principal sum of $177,050.00.  To secure payment of the note, on the same date, Plaintiffs
4  executed a Deed of Trust ("DOT") encumbering the real property at issue in this case. (Deed of
5  Trust, Apr. 26, 2007, ECF No. 4-2).  The property is located in Clark County, Nevada,
6  commonly known as 8664 Traveling Breeze Avenue, #101, Las Vegas, Nevada 89178 (the
7  "Property"). (*Id.*).  The DOT named CTC Real Estate Services ("CTC") as the Trustee. (*Id.*).
8  The DOT on the Property was recorded with the Clark County Recorder on May 1, 2007 as
9  Document No. 200705010001329. (*Id.*).  Some time thereafter, Plaintiffs defaulted on the loan
10 secured by the Deed of Trust.  On November 2, 2009, MERS assigned the Deed of Trust to BAC
11 Home Loan Servicing, LP fka Countrywide Home Loans Servicing ("BAC"). (Corp. Assign.
12 Deed Trust, Nov. 2, 2009, ECF No. 4-3).[1]  On November 2, 2009, BAC substituted ReconTrust
13 Company, N.A. ("ReconTrust") for CTC as the Trustee. (Subst. Trustee, Nov. 2, 2009 ECF No.
14 4-4).   On the same date, ReconTrust executed and recorded the first Notice Default.  (Not. of
15 Def., Nov. 2, 2009, ECF No. 4-5).  On March 4, 2010, ReconTrust rescinded the first NOD.
16 (Resc. Elect. Decl. Def., Mar. 4, 2010, ECF No. 4-6).

17      On June 9, 2010, ReconTrust executed and recorded the second NOD. (Not. Def., Jun. 9,
18 2010, ECF No. 4-7).  On October 7, 2010, ReconTrust recorded the first Notice of Trustees Sale
19 ("NOS"). (Not. Trustee's Sale, Oct. 7, 2010, ECF No. 4-8).  ReconTrust rescinded the second
20 NOD on November 12, 2010. (Resc. Elect. Decl. Def., Nov. 12, 2010, ECF No. 4-9).

21      On August 4, 2011, National Default Servicing Corp. ("NDSC") recorded the third NOD.
22 (Not. Def., Aug. 4, 2011, ECF No00. 4-10).  On October 17, 2011, Bank of America, N.A.

---

[1] This simultaneous transfer of the interest in the note to BAC by MERS in its capacity as "nominee" and of MERS' own interest in the DOT in its capacity as "beneficiary" cured any split created at the inception of the mortgage between Countrywide's and MERS' respective interests in the note and DOT.  *See generally Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48 (2012).

1  ("BANA"), successor by merger to BAC, substituted NDSC as trustee. (Subst. Trustee, Oct. 17,
2  2011, ECF No. 4-11).  On March 2, 2012, the State of Nevada Foreclosure Mediation Program
3  issued a Certificate which indicated the Plaintiffs had waived mediation and that the beneficiary
4  could proceed with the foreclosure process. (Certificate, Mar. 2, 2012, ECF 4-12).  On the same
5  date, NDSC recorded the second NOS. (Not. Trustee's Sale, Mar. 2, 2012, ECF No. 4-13).
6  Plaintiffs filed the Complaint in state court on March 16, 2012. (First Amended Compl., ECF
7  No. 1-1). Plaintiffs filed the lis pendens against the Property on March 20, 2012. (Lis Pendens,
8  Mar. 20, 2012, ECF No. 4-14).

9       On March 22, 2012, BANA assigned the beneficial interest under the DOT to Federal
10 National Mortgage Association ("FNMA"). (Corp. Assign. Deed Trust, ECF No. 4-15).  On July
11 11, 2012, Plaintiffs amended the Complaint and added BANA and BNY Mellon as defendants.
12 (First Amended Compl., ECF No. 1-1).  The Property was sold at a trustees sale to FNMA on
13 July 31, 2012. (Trustee's Deed Upon Sale, Jul. 31, 2012, ECF No. 4-16).  The Defendants
14 removed the action to federal court on August 21, 2012. (Pet. Removal, Aug. 21, 2012, ECF No.
15 1).

## ANALYSIS

The operative NOD (the Third NOD) was filed before October 1, 2011.  Therefore AB 284's amendments to Chapter 106 and 107 do not apply in this case.  On May 20, 2011, the Governor approved Assembly Bill 284, which, *inter alia*, added the following conditions to a trustee's sale under NRS section 107.080(2)©:

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; **which, except as otherwise provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury:**
>
> **(1) The full name and business address of the trustee or the trustee's**

> **personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;**
>
> **(2) The full name and last known business address of every prior known beneficiary of the deed of trust;**
>
> **(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;**
>
> **(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;**
>
> **(5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and**
>
> **(6) The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a description of the instrument that conveyed the interest of each beneficiary.**

Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev. 2011) (emphasis added). The emphasis in the above quotation indicates the added language. The amendments were originally to become effective on July 1, 2011, *see id.* § 15, and were to apply to all notices of default filed on or after that date, *see id.* § 14.5(4). However, on June 20, 2011, the Governor approved Assembly Bill 273, which amended the effective date of Assembly Bill 284 to October 1, 2011 and amended § 14.5 of the bill to provide that the amendments to NRS section 107.080 would apply only to notices of default filed on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). Furthermore, Chapter 106 requires the recordation of any assignments of debt secured by a deed of trust before a trustee's sale may occur:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust **must** be recorded, **in the office of the recorder of the county in which the property is located**, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. **A mortgage of real property, or a mortgage of personal**

> **property or crops recorded prior to March 27, 1935, which has been assigned may not be enforced unless and until the assignment is recorded pursuant to this subsection. If the beneficial interest under a deed of trust has been assigned, the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection.**

Assemb. B. 284 § 1, 76th Leg., Reg. Sess. (Nev. 2011) (emphases added). The emphasis in the above quotation indicates the added language. Like the amendments to NRS section 107.080, the amendments to NRS section 106.210 were originally to go into effect on July 1, 2011. *See id.* § 15. However, Assembly Bill 273 changed the effective date of the amendment to October 1, 2011 and also amended the application of the recordation requirement to assignments made on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011).

The pre-AB 284 versions of Chapters 106 and 107 therefore apply in this case. Still, the foreclosure may have been statutorily improper. The problems lies in the third Notice of Default and Election to Sell, wherein NDSC, as purported trustee for BANA, executed the NOD on August 3, 2012. Yet, BANA did not substitute NDSC as trustee until October 17, 2011. It is not factually clear that NDSC had the authority to execute the NOD. NDSC's own claim as trustee at the time the NOD was recorded will not be accepted as true at the dismissal stage.[2] The Court will therefore deny the Motion to Dismiss against the chapter 107 claim, though the remaining claims fail for reasons given in substantially identical cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED in part and DENIED in part. All claims are dismissed except those for violations of NRS 107.080.

---

[2] Ratification of NDSC's recording of the final operative NOD on August 3, 2011 purportedly as an agent and designated trustee for BANA, was in fact, 73 days before BANA substituted NDSC as trustee, which occurred on October 17, 2011. Restatement (Third) of Agency § 4.03 states, ("A person may ratify an act if the actor acted or *purported* to act as an agent on the person's behalf." (emphasis added)). Here, BANA may have ratified NDSC's filing of the NOD by substituting NDSC as trustee two months later but the Court will not rule so at the dismissal stage. *See Roberts v. Countrywide Home Loans, Inc.*, No. 3:11-00764-RCJ-VPC, 2012 WL, 4608177 at *1 (D. Nev. Oct. 2, 2012).

1   IT IS FURTHER ORDERED that the Motion to Remove Lis Pendens (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: This 10th day of January, 2013.

_____
ROBERT C. JONES
United States District Judge